UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS CULBREATH,

      Petitioner,

                                               CASE NO. 03-CV-75086-DT
v.                                            HONORABLE VICTORIA A. ROBERTS

BLAINE LAFLER,

      Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT,
DENYING A CERTIFICATE OF APPEALABILITY, AND TRANSFERRING MOTION
TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

Michigan prisoner Thomas Culbreath ("Petitioner") has filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) concerning the Court's denial of his federal habeas petition on November 12, 2004. The Court denied a certificate of appealability and leave to proceed in forma pauperis on appeal on January 5, 2005. The United States Court of Appeals for the Sixth Circuit denied a certificate of appealability. *Culbreath v. Lafler*, No. 04-2566 (6th Cir. Aug. 31, 2005). The United States Supreme Court denied a petition for a writ of certiorari. *Culbreath v. Lafler*, 547 U.S. 1079 (April 17, 2006). Petitioner dated the instant motion on March 20, 2016. In his motion, he challenges the state court's jurisdiction and arraignment procedures and asserts that this Court acted improperly on habeas review by enforcing a void judgment.

Petitioner is not entitled to relief from judgment. Under Federal Rule of Civil Procedure 60(b), a district court will grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgement that has been reversed or otherwise vacated; or applying it prospectively is not longer equitable; or (6) any other reason that justifies relief.  FED. R. CIV. P. 60(b).

A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) – no more than one year after the entry of the judgment or order or the date of the proceeding.  FED. R. CIV. P. 60(c)(1); *Conner v. Attorney General*, 96 F. App'x 990, 992 (6th Cir. 2004).  The bounds of reasonable time "ordinarily depends on the facts of the given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief."  *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).  A court has broad discretion in deciding such matters, but that discretion is circumscribed by public policy favoring finality of judgments and termination of litigation.  *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

Petitioner did not file his motion for relief from judgment within one year or within a reasonable time given that the Court dismissed his habeas petition in November, 2004 and he dated his current motion in March, 2016.  Petitioner fails to provide an explanation for the more than 11-year delay in filing his motion.  He knew or could have known of his jurisdictional argument at the time of his state criminal proceedings and/or when he sought habeas review.  The motion is untimely and must be denied.

Moreover, even if the Court considers the merits of the motion under Federal Rule of Civil Procedure 60(b)(4), Petitioner is not entitled to relief from judgment. He fails to establish that this Court's judgment is void. The Court had jurisdiction over his habeas case and did not err in dismissing his habeas petition on the merits of the claims that he presented in his pleadings. Accordingly, the Court **DENIES** Petitioner's motion.

A certificate of appealability is necessary to appeal the denial of a Rule 60(b) motion. *See Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010) (citing *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007)). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*.

With *Slack v. McDaniel* in mind, judges within this district have adopted the following standard for determining whether a certificate of appealability should issue in the context of the denial of a Rule 60(b) motion:

> A COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right.

*Missouri v. Birkett*, No. 2:08–CV–11660, 2012 WL 882727, *2-3 (E.D. Mich. March 15, 2012); *Carr v. Warren*, 05–CV–73763, 2010 WL 2868421, *2 (E.D. Mich. July 21, 2010) (both citing *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001)).  Petitioner is not entitled to a certificate of appealability because he fails to demonstrate that jurists of reason would find it debatable that the Court abused its discretion in denying his motion.  Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, to the extent that Petitioner seeks to raise a new claim for relief, *i.e.*, challenging the state court's jurisdiction and the arraignment proceedings, that was not previously presented in federal court, his motion constitutes a second or successive habeas petition which must be transferred to the Sixth Circuit.  *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); *In re Nailor*, 487 F.3d 1018, 1022-23 (6th Cir. 2007).  Accordingly, the Court **TRANSFERS** the instant motion to the Sixth Circuit.

**IT IS SO ORDERED**.

S/Victoria A. Roberts  
VICTORIA A. ROBERTS  
UNITED STATES DISTRICT JUDGE

Dated:  April 4, 2016